UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

    Plaintiff,

v.

Edward Puckett (02),

    Defendant.

Criminal No: 06-329 (JNE/JJG)

**REPORT AND RECOMMENDATION**

APPEARANCES

Lisa Kirkpatrick, Assistant United States Attorney, for Plaintiff United States of America

Mark Nyvold, Esq., for Defendant Edward Puckett

JEANNE J. GRAHAM, United States Magistrate Judge

  The above-entitled matter is before the undersigned Magistrate Judge of the District Court on the parties' pretrial motions for discovery. The United States is represented by Lisa D. Kirkpatrick, Assistant United States Attorney. Defendant Edward Puckett is represented by Mark Nyvold, Esq. This matter is scheduled to be tried before United States District Court Judge Joan N. Ericksen. The case has been referred to the undersigned for resolution of pretrial matters pursuant to 28 U.S.C. § 636 and Local Rule 72.1.

**I. INTRODUCTION**

  Defendant Puckett was originally charged by Indictment with conspiracy to possess and distribute, possession with intent to distribute and aiding and abetting the possession with intent to distribute certain amounts of crack cocaine and a mixture and substance containing a detectable amount of powder cocaine.

Mr. Puckett was arraigned on the Indictment on October 19, 2006. On December 5, 2006, a Superseding Indictment was entered charging Mr. Puckett with (1) conspiring to distribute 50 grams or more of crack cocaine and 500 grams or more of a mixture and substance containing a detectable amount of powder cocaine; and (2) knowingly and intentionally distributing 50 grams or more of crack cocaine and a mixture and substance containing a detectable amount of powder cocaine. Mr. Puckett was arraigned on the Superseding Indictment on December 14, 2006.

Following the Defendant's arraignment on the original Indictment, this Court held a pretrial motions hearing on November 6, 2006, at which Defendant was present and represented by counsel. Both parties filed pretrial motions. No additional motions have been filed following Defendant Puckett's arraignment on the Superceding Indictment. At the November 6 hearing, one witness testified for the Government: City of Minneapolis Police Officer John Biederman. The following exhibits were marked and admitted by the Court for the purposes of the hearing:

| | | |
|---|---|---|
| Government Exhibit #1: | | Videotape recording of interview of Defendant on October 17, 2006; |
| Government Exhibit #2: | | Photocopy of page 109 of the Minneapolis Police Department Pocket Manual - Miranda Warning; |
| Defendant Exhibit #1: | | Copy of Application for Search Warrant, Affidavit, Search Warrant and Return for property on Oliver Way; and |
| Defendant Exhibit #2: | | Copy of Application for Search Warrant, Affidavit, Search Warrant and Return for property on Irving Avenue North. |

The parties received permission to file post-hearing memoranda and these briefs have been received. The Court addresses the Defendant's dispositive motion in this Report and Recommendation. The parties' non-dispositive motions are addressed in a separate Order.

## II.  FINDINGS OF FACT

Following the issuance of an FBI arrest warrant for narcotics violations in response to the original Indictment, Mr. Puckett was arrested on October 17, 2006.  Mr. Puckett was taken to the Violent Offenders Task Force building in Minneapolis to be interviewed.  Minneapolis Police Officer John Biederman began the interview shortly after 12:00 p.m., and was joined in the interview room by FBI Special Agent James Somerville shortly thereafter.  Officer Biederman was dressed in jeans, a sweatshirt and a baseball cap and wore a holstered weapon.  Mr. Puckett was not handcuffed during the interview.

Officer Biederman began the interview with Mr. Puckett by reading him his *Miranda* rights. Officer Biederman read the *Miranda* rights directly from page 109 of the Minneapolis Police Department Pocket Manual.  Specifically, Officer Biederman read the following from Page 109:

> The Constitution requires that I inform you that:
>
> (1) You have the right to remain silent.
> (2) Anything you say can and will be used against you in court.
> (3) You have the right to talk to a lawyer now and have the lawyer present now or at any time during questioning.
> (4) If you cannot afford a lawyer, one will be appointed for you without cost.

*See* Hearing Exhibit 2.

Officer Biederman then asked Mr. Puckett if he understood his rights, and Mr. Puckett said "Yeah." Then, the following exchange takes place:

> Officer:     Want to talk to me about why we are here today?
>
> Puckett:     You tell me. I don't have a clue.
>
> Officer:     Ok, well, we are here because the federal government has issued a warrant for your arrest.

| | |
|---|---|
| Puckett: | What did I do? |
| Officer: | Well, it's concerning narcotics. |
| Puckett: | I smoke weed, I don't smoke anything now. |
| Officer: | Ok, let's wait for Mr. Somerville to get back here (the other officer). |
| Officer: | (to Somerville) I read Mr. Puckett his rights. He said he understands them, and (to Mr. Puckett) you would like to speak with us about this? |
| Puckett: | You tell me ...(inaudible) I told you I smoke weed. Since I been under a doctor's care I haven't smoked nothing for over 107 days. |
| Officer: | This actually has to do nothing with weed, more of cocaine and crack cocaine. |
| Puckett: | Well I don't do crack cocaine or cocaine. |
| Officer: | When was the last time you saw crack cocaine or cocaine? |
| Puckett: | It's been awhile. |
| Officer: | What are the phone numbers you have? What is your cell phone number? |
| Puckett: | (gives his cell phone number). |

The conversation then focuses on the cell phone. Defendant Puckett informs Officer Biederman that it is his only telephone phone number because he doe not have a separate home or business number, and Officer Biederman inquires about the contacts Defendant Puckett has stored in his cell phone.

Approximately thirty minutes after the interview began, Mr. Puckett requested an attorney and the interview was terminated. Defendant Puckett was not handcuffed during the interview. Law enforcement officers did not make any threats or promises to Mr. Puckett during the interview. Officer Biederman found the Defendant to be appropriately responsive to his questions. Officer Biederman did not observe any

behavior by the Defendant that would suggest he was suffering from any mental illness, and the interview proceeded in a conversational manner with no yelling by any of the participants.

Defendant Puckett was fifty-nine years old at the time of the interview. He is the owner Puckett Trucking Company. Officer Biederman reviewed Mr. Puckett's criminal history and testified that the Defendant has had interactions with the police in the past.

### III.   DISCUSSION

Defendant Puckett seeks the suppression of his statements to Officer Biederman during his October 17 interview on the grounds that he did not receive adequate *Miranda* warnings. Specifically, Defendant Puckett contends Officer Biederman did not expressly advise him that he could stop answering questions at any time during the interview and invoke the right to remain silent. Defendant Puckett further contends that even if the *Miranda* warnings given were sufficient, he did not waive his rights, and the statements he made should be suppressed as a result.

#### A.   Adequacy of the Miranda Warnings

Defendant's claim that the *Miranda* warning read by Officer Biederman was deficient is without merit. The Fifth Amendment prohibits the use of self-incriminating statements obtained during custodial interrogation, unless there is a voluntary, knowing and intelligent waiver of the defendant's *Miranda* rights. *Miranda v. Arizona*, 384 U.S. 436 (1966). Under *Miranda*, before questioning suspects, law enforcement officials must inform them that: (1) they have the right to remain silent; (2) their statements may be used against them at trial; (3) they have the right to the presence of an attorney during questioning; and (4) if they cannot afford an attorney, one will be appointed. *Id.* at 478-79. Contrary to Defendant's suggestions, the Supreme Court "has never indicated that the 'rigidity' of *Miranda* extends to the precise

formulation of the warnings given a criminal defendant." *United States v. Caldwell,* 954 F.2d 496, 501 (8th Cir.1992) *(quoting California v. Prysock,* 453 U.S. 355, 359 (1981) (per curiam). In *Caldwell* the Eighth Circuit stated:

> *Miranda* itself indicates that no talismanic incantation is required to satisfy its strictures. *Prysock* recognized that *Miranda* "announced procedural safeguards including the now familiar *Miranda* warnings *or their equivalent*. *Duckworth [v. Eagan*, 492 U.S. 195 (1989)] makes clear that reviewing courts need not examine *Miranda* warnings as if construing a will or defining the terms of an easement. The inquiry is simply whether the warnings reasonably convey to a suspect his rights as required by *Miranda.*

*Caldwell,* 954 F.2d 496, at 501-502. (Internal quotations and citations omitted) (emphasis in the original).

The four requirements of *Miranda* are well-established. There is no dispute that Officer Biederman informed Defendant Puckett that: (1) he had the right to remain silent; (2) his statements may be used against him at trial; (3) he had the right to the presence of an attorney during questioning; and (4) if he cannot afford an attorney, one will be appointed. There is no requirement under *Miranda* that a suspect be expressly warned that he has a right to terminate questioning at any time and thus invoke the right to remain silent. The Court finds the *Miranda* warning Officer Biederman read to Mr. Puckett at the beginning of the interview on October 17, 2006, was legally sufficient. The Court recommends Defendant's motion to suppress be denied in this regard.

### B.    Sufficiency of Defendant Puckett's Waiver

Defendant Puckett also argues that Officer Biederman failed to obtain a waiver of his *Miranda* rights before he commenced questioning of the Defendant on October 17. When a defendant claims a statement was obtained in violation of his *Miranda* rights, the government is required to show a waiver by a preponderance of the evidence. *Colorado v. Connelly*, 479 U.S. 157, 168 (1986); *United States v.*

*Haggard*, 386 F.3d 1020, 1024 (8th Cir. 2004).  A waiver is knowing and intelligent when it is made with a full awareness of both the nature of the right being abandoned and the consequences of abandoning the right.  *Thai v. Mapes*, 412 F.3d 970, 977 (8th Cir. 2005) (*citing Moran v. Burbine*, 475 U.S. 412, 421 (1986)).  A waiver is voluntary if it is the product of the suspect's free and deliberate choice and not of intimidation, coercion, or deception.  *Id.*  "Only if the totality of the circumstances surrounding the interrogation reveal both an uncoerced choice and the requisite level of comprehension may a court properly conclude that one's *Miranda* rights have been waived."  *Moran*, 475 U.S. at 421.  To invoke one's right to remain silent, one must unequivocally express one's desire to remain silent.  *Simmons v. Bowersox*, 235 F.3d 1124, 1131 (8th Cir. 2001).

      Here, the record demonstrates Defendant Puckett was properly advised of his *Miranda* rights.  While Mr. Puckett indicated some apparent confusion about the reason he had been arrested, he stated that he understood his rights, including his right to remain silent and that anything he said could be used against him.  With this expressed understanding, Mr. Puckett nonetheless proceeded to talk to Officer Beiderman without noticeable reservation for nearly 30 minutes.  This was not an inexperienced person whose will was overborne. Instead, Mr. Puckett is a fifty-nine year old business owner, who has had some previous contacts with the law.

      The video-tape of the October 17 interview plainly shows that after indicating comprehension of his rights, Defendant Puckett proceeded to answer the questions asked by Officer Biederman, sometimes with questions of his own and sometimes with substantive responses to the questions posed by Officer Biederman.  There is no evidence that Officer Biederman coerced Mr. Puckett into answering questions or used deceptive interrogation tactics.  Indeed, after thirty minutes, Mr. Puckett invoked his right to remain

7

silent and stated his desire to speak to an attorney. At this point, the interview ceased and no further questions were asked. Under the totality of the circumstances surrounding the interrogation, the Court concludes Defendant Puckett waived his *Miranda* rights. *See United States v. House*, 939 F.2d 659, 662 (8th Cir. 1991) (waiver may be inferred from the fact that defendant responded to questions posed by the interviewer after being advised of his rights). Accordingly, the motion to suppress Defendant's statements made on October 17, 2006, should be denied.

## IV.   RECOMMENDATION

Based upon the parties' submissions to the Court, the hearing testimony, and all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that Defendant's Motion to Suppress Statements and Derivative Evidence (Doc. No. 37) be **DENIED**.


Dated: January 9, 2007                                   s/Jeanne J. Graham

                                                                         JEANNE J. GRAHAM
                                                                         United States Magistrate Judge


Pursuant to D. Minn. LR 72.2(b), as modified by agreement between the parties and the Court, any party may object to this Report and Recommendation by filing and serving specific, written objections by January 29, 2007. A party may respond to the objections on or before December 29, 2006. Any objections or responses filed under this rule shall not exceed 3,500 words. A District Judge shall make a de novo determination of those portions to which objection is made. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the United States Court of Appeals for the Eighth Circuit. Unless the parties are prepared to stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and cause to be filed within ten days a complete transcript of the hearing.